1320-14    1321-14

No. PD-13.20-14
No. PD-1321-14

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

AT AUSTIN

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 03 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

MAR 03 2015

Abel Acosta, Clerk

BRYAN MICHAEL BAUM,
        Appellant,

v.

THE STATE OF TEXAS,
        Appellee.

---

On Appeal from the Court of Appeals for the Fifth District of Texas at Dallas
On Appeal from the 382nd District Court of Rockwall County, Texas
Appellate Court Cause Nos. 05-12-01455-CR and 05-12-01456-CR
Trial Court Cause Nos. 2-12-213 and 2-12-214
Before the Honorable Brett Hall

---

MOTION FOR REHEARING

ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

Bryan Michael Baum
TDCJ No. 1816431
Barry Telford Unit
3899 Hwy 98 S.
New Boston, Texas 75570
Pro Se Appellant

( Page 1 of 6 )

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

COMES NOW, Bryan Michael Baum ("Baum"), by and through pro se representation in the above styled and numbered cause, under Rule 79 of Texas Rules of Appellate Procedure, and respectfully prays this Honorable Court will construe this pleading liberally, holding it to a less stringent standard than formal pleadings drafted by lawyers,[1] and grant this motion for rehearing on Baum's petition for discretionary review, and in support thereof, would show the following:

The Court of Appeals was the Fifth District Court of Appeals at Dallas. TEX.R.APP.P. 10.5 (b)(3)(A). The date of the judgment of the Court of Appeals was February 25, 2014. TEX.R.APP.P. 10.5 (b)(3)(B). On August 20, 2014, the Court of Appeals -- on its own motion, vacated its original judgment and rendered a new judgment affirming the conviction. The case number and style of the case in the court of appeals were Bryan Michael Baum v. The State of Texas, Nos. 05-12-01455-CR and 05-12-01456-CR. TEX.R.APP.P. 10.5 (b)(3)(c).

---

1. BOOTH v. CHURNER, 206 F.3d 289 (3rd Cir. 2000); HARRON v. HARRISON, 203 F.3d 410 (6th Cir. 2000); BOAG v. MacDOUGALL, 454 U.S. 364, 70 L.Ed.2d 551, 102 S.Ct. 700 (1982); HAINES v. KERNER, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972) (Pro se litigants pleadings are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.

This Court issued a refusal of Baum's petition for discretionary review on February 11, 2015, leaving Baum untill February 26, 2015, to file a motion for rehearing. TEX.R.APP.P. 79.1. Thus, under the "Mailbox Rule" cited in CAMPBELL v. STATE, 320 S.W. 3d 338, 344 (Tex. Crim. App. 2010), this motion is timely.

This motion for rehearing the order refusing Baum's petition for discretionary review is grounded on substantial intervening circumstances which are specified below, made in good faith and not for delay. TEX.R.APP.P. 79.2 (c).

## Issues Presented for Review

### Issue One: Jury Charge

Baum argues he did not have the requisite mental state to be found guilty of either offense, and the jury should have been instructed on this.

### Issue Two: Medical Questionnaire

Baum complains the court erred in admitting, over his objection to state's Exhibit No. 2, a sheriff's medical questionnaire used in all book-ins.

## Arguments and Authorities

Baum showed it was fundamental, egregious error that calls for reversal, even in absense of a requested charge, seeing the trial judge failed to instruct the jury on involuntary intoxication and the only defense was that a diabetic condition caused the behavior in question. See Posey v. State,

(Page 3 of 6)

916 S.W.2d 88, 90-91 (Tex. App. — Houston [1st Dist.] 1996);[2] Sanders v. State, 817 S.W.2d 688 (Tex. Crim. App. 1991);[3] and Barrera v. State, 951 S.W.2d 153, 156 (Tex. App. — Corpus Christi 1997, pet. granted).[4]

Baum also showed that the faulty medical questionnaire used to say he is no diabetic, was not properly authinticated, it does not qualify for ANY hearsay exception and, not only is it error to ignor the blatant unreliability and untrustworthiness of the questionnaire, it is well established that the State cannot argue the document qualified under an alternate route not raised at trial. See State v. Mercado, 972 S.W.2d 75, 77 (Tex. Crim. App. 1998).[5]

## The Adverse Effect the Court of Appeals' Decision Will Have Upon the Jurisprudence of the State:

It is a travesty of justice to overlook the fundamental, reversable error of the trial courts failure to apply the law to the facts in Baum's case, then allow the State to contort the Rules of Evidence, use an unpublished Calhoun — which admitted a RELIABLE book-in sheet that was not objected to, was proved

2. (Egregious harm required, requiring reversal in absence of a charge request, was not required when defendant did not request a charge on the defense of mistake of fact, but his only defensive evidence was that he received keys and permission to drive from person he believed was the owner.)

3. (Egregious harm was shown from omission of accomplice testimony charge, and reversal was required even though the charge was not requested.)

4. (" [t]he Court also held, in Ex Parte Clark, 597 S.W.2d 760, 761 (Tex. Cr. App. 1979), that failure of the charge to apply the law to the facts is fundamental error that is not waived by failure to object at trial.")

5. (The state may not argue a point on appeal which was not raised at trial.)

accurate, and the defendant himself testified that the information in question was true and correct—use this unpublished Calhoun[6] as authority to admit a faulty medical questionnaire in Baum's case—where the document's own proponent testified that the information in question is UNTRUSTWORTHY and UNRELIABLE——then use this faulty questionnaire to completely eradicate Baum's only defense by deceiving the jury by saying that "BAUM IS NO DIABETIC"!

Allowing such travesty of justice in the lower courts will have a catastrophic, snowball effect on future litigants with similar jury charge dilemmas, and hearsay exceptions regarding evidence that should be inadmissible but will find its way to admissibility and be used to distort justice through the faulty reasoning in this Appellate Court's Opinion concerning Baum's case.

The Court of Criminal Appeals has the duty to protect our Constitutional rights and safeguard fair procedures in the lower courts.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, BAUM prays this Honorable Court will construe his pleading liberally and grant this motion for rehearing.

---

6. See Baum. Slip Op. at 10.

Respectfully submitted: **Bryan Baum**

Bryan Michael Baum
TDCJ No. 1816431
Telford Unit
3899 Hwy 98 S.
New Boston, Texas
75570

## INMATE'S DECLARATION

"I, Bryan Michael Baum, being presently incarcerated in Texas Department of Criminal Justice, Telford Unit, declare under penalty of perjury that the facts stated in the above and foregoing motion for rehearing are true and correct."

Signed: **Bryan Baum**
Bryan Michael Baum

## CERTIFICATE OF SERVICE

This is to certify that in accordance to Tex.R.APP.P. 79.7, a true copy of Baum's motion for rehearing has been served, by mail, first class postage pre-paid, on the <u>26th</u> day of February, 2015, upon the following:

Kenda Culpepper                          and
Rockwall County District Attorney
Rockwall County Courthouse
1111 E. Yellowjacket Lane, Suite 201
Rockwall, Texas 75087

Hon. Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 75711

Signed: **Bryan Baum**
Bryan Michael Baum

( Page 6 of 6 )

BRYAN BAUM #1816431
Telford Unit
3899 State Hwy 98
New Boston, TX
75570

LEGAL
MAIL

Abel Acosta, Clerk
TX. Ct. Crim. Appeals
PO Box 12308, Capitol Station
Austin, TX 78711